RECEIVED JUN 02 2023 U.S.D.C. W.P.

UNITED STATES DISTRICT COURT
for the Southern District of New York

United States
    Plaintiff

v.

Kesean Galloway
    Defendant

Cause No: 17 Cr. 202

MOTION FOR A REDUCTION IN
Sentence pursuant to 18 U.S.C. 3582(c)(

### Relief Sought

Kesean Galloway, (herein, "Galloway"), asks the Court to look at the totality of the 'extraordinary and compelling reasons' he offers and grant him a reduction in sentence pursuant to 18 U.S.C. §3582(c)(1)(A).

### Legal Standards

18 U.S.C. §3582(c)(1)(A) permits courts to reduce a previously imposed sentence as long as (1) the defendant exhausts his administrative remedies; (2) the defendant demonstrates that 'extraordinary and compelling reasons' exist that warrant a reduction in sentence; and (3) the 18 U.S.C. §3553(a) factors are consistent with a sentence that is less than the one previously imposed.

### 1.) Exhaustion Requirement

The First Step Act of 2018 amended 18 U.S.C. §3582(c)(1)(A) to allow a defendant to file a motion for compassionate release on their own behalf as long as they "fully exhaust [] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A).

On, March 6, 2022, Galloway submitted a requeste to the Warden of FCI Otisville, where he is being housed. As of the date of this motion Warden E. Jaimson has not responded to the submitted request. Therefore, more than 30 days have passed since Galloway submitted his initial request, thus the exhaustion requirement has been satisfied. See, **United States v. Rodriguez**, 2022, U.S. Dist. Lexis 64567 (D. Conn. 4/6/22)("Mr. Rodriguez has satisfied the exhaustion requirement by requesting release from the Warden of FCI McDowell in February of 2021").

### II. Extraordinary and Compelling Reasons Exist

Courts are empowered to "exercise their discretion in determining what are extraordinary circumstances." **United States v. Brooker**, 976 F.3d 228, 2020 U.S. App. Lexis 30605, 2020 WL 5739712

at *8 (2d cir. Sept. 25, 2020). The Supreme Court has held that only Congress and the Constitution may limit scope of what information a court may consider in deciding to modify a sentence. See, United States v. Concepcion, No. 20-1650 (S.Ct. June 27, 2022). The only limitation place on courts is that "rehabilitation ... alone shall not be concidered an extraordinary and compelling reason." 28 U.S.C. 994(t).

Galloway contends that extraordinary and compelling reasons exist that warrant a reduction in sentence. He claims that if he were sentenced today -- after the ruling in United States v. Chapelle, 41 F.4th 102 (2d Cir. July 21, 2022) -- he would not have been sentenced as a career offender and thus would have received a less harsh sentence. He further claims that his efforts at rehabilitation himself rises to the level of extraordinary and speaks to a reduction in his sentence.

### A.) Hobbs Act Robbery is no longer considered violent under the Guidelines

On September 5th, 2018, Galloway was sentenced to 120 months imprisonment for one count of conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. §371 and 1 count of carjacking in violation of 18 U.S.C. §2119 and 2. At his sentencing hearing, it was determined that Galloway was a career offender under the United States Sentencing Guidelines ("USSG") §4B1.1 because Hobbs Act robbery was considered violent. This fact caused his criminal history category to rise from a category IV to a category VI, resulting in a substantial higher sentencing range for the courts to consider.

Courts across the country have held that Hobbs Act Robbery cannot be considered violent by the definition provided in USSG 4B1.2. See United States v. Chapelle, 41 F.4th 102 (2d Cir. July 21, 2022)(Holding that "Hobbs Act robbery is categorically broader than §4B1.2's definition of crime of violence."); see also, United States v. Green, 996 F. 3d 176, 2021 U.S. App. Lexis 12844 (4th Cir. Apr. 29, 2021), United States v. O'Conner 874 F.3d 1147, 1158 (10th Cir. 2017); United States v. Camp, 903 F.3d 594, 604 (6th Cir. 2018); United States v. Rodriguez, 770 F. Appx. 18, 21 (3d Cir. 2019); United States v. Eason, F.3d 1184, 1195 (11th Cir. 2020); Bridges v. United States, 991 F.3d 793, 2021 WL 1016433, at *6 (7th Cir. 2021).

In Short, Hobbs Act robbery extends to a broader range of conduct -- specifically, the use and threat of force against property, as well as persons -- than §4B1.2(a)(1)'s force clause or the offense of robbery enumerated in §4B1.2(a)(2).

Galloway was erroneously sentenced as a career offender because of a misreading of USSG 4B1.2's definition of violent offense. His sentencing range was established as 188 to 235 months when in fact his range should have been 151 to 188 months at the appropriately calculated criminal history category of IV.

At his sentencing, Galloway, received a 36% downward variance from the low end of his established guidelines range. If the Court had the knowledge set forth in United States v. Chapelle, they would have realized that Galloway was not a career offender and could have provided the same variance from Galloway's correct guidelines range -- 151 to 188 months -- and sentenced him to 97 months, a substantial amount of time, to be sure. With the Good Conduct Time ("GCT") he would earn he would serve 68 months. Because of his good behavior while incarcerated he would have been eligible for halfway house in about 56 months served. To date, Galloway has served approximately 53 months. He would be a mere 3 months away from transfer to a halfway house if he had not erroneously received the career offender designation.

Galloway claims this extraordinary difference in the sentence he should have received, compels a reduction in sentence.

### B.) Galloway's rehabilitative efforts go above and beyond the average inmate and, thus, calls for a reduction.

Galloway claims that his efforts a rehabilitation goes beyond what is expected of the average inmate and thus serves as an extraordinary and compelling reason that warrants a reduction in sentence.

The only limit placed on a court when considering extraordinary and compelling circumstances is that "[r]ehabilitation ... **alone** shall not be considered an extraordinary and compelling reason." 28 U.S.C. §994(t)(Emphasis added). Courts have held that while rehabilitation standing alone is not extraordinary and compelling, but in conjunction with other extraordinary and compelling, but in conjunction with other extraordinary and compelling reasons can rise to the same level. See, United States v. Glynn, 2022 U.S. Dist. Lexis 32794 (SDNY Feb. 24, 2022)("[T]he Court is not considering rehabilitation alone, but instead rehabilitation along with the other circumstances [....] that together constitute extraordinary and compelling reasons for reducing [... the] sentence.")

Galloway's behavior while he's been incarcerated is exceptional. He has received no disciplinary infraction since the commencement of his sentence, which is nothing less than extraordinary when "infractions may be issued for matters as small as a messy cell." **United States v. Underwood**, No. 88a Cr. 822.

Going beyond his clear record, Galloway has taken the court's advice and has participated in several rehabilitative programs including: Drug Abuse Education, the Non-Residential Drug Abuse Program, Anger Management and parenting. See, Ex. A. Additionally, he is currently on the waiting lists for other programs.

Galloway has also maintained employment while incarcerated by working in the kitchen. He was also selected to be a suicide watch

companion where he was tasked with helping inmates learn to cope with prison life. When that failed he would sit with the inmate on suicide watch, monitor and record their behavior while continuing to help them cope with their situation. See, Ex. 6

While rehabilitation is expected of those who are incarcerated, there are a few inmates who go the extra mile to ensure their success upon. Galloway is one of those individuals. Galloway's extraordinary efforts at rehabilitating himself weights in favor of the reduction requested.

These reasons on their own may not warrant a reduction, however, the Court will see, when looking at the totality of Galloway's circumstances, that they rise to the level of extraordinary and compelling reasons that warrant a reduction in sentence. See, United States v. Piggott, 2022 U.S. Dist. Lexis 5293, 2022 WL 118632, at *2 (S.D.N.Y. Jan. 12, 2022)("The Court need not find a single dispositive circumstances to determine that extraordinary and compelling reasons exist; rather, it may consider whether the totality of the circumstances justify such a finding."); United States v. Secchiaroli, 2021 U.S. Dist. Lexis 29212("[T]he totality of circumstances presented here render release appropriate.")

### III.) The 18 U.S.C. §3553(a) factors weigh in favor of a reduction

The first factor to consider is "the nature and circumstances of the offense and the history and characteristics of the defendant..." 18 U.S.C. §3553(a)(1).

Galloway was 20 years old when these crimes were committed and was only 22 years old when he received a 120 month sentence for one count of conspiracy to commit Hobbs Act robbery and one count of carjacking. These two crimes are as the prosecutor put it, "very, very serious," but that fact is mitigated because the victims weren't "babes in the woods," in fact they were drug dealers. Sent. Tr. @ 9-10.

Additionally, because Galloway was so young when these crimes were committed he was considered less culpable than older more mature defendants. See, Roper v. Simmons, 543 U.S. 551 (2005); Miller v. Alabama, 132 S. Ct. 2455 (2012), Graham v. Florida, 560 U.S. 48 (2010)(Noting three developmental gaps between adolescents and adults: impulsivity linked to developmental factors, susceptibility to external pressures and a still developing mentality.) See also, When Does a Juvenile Become an Adult? Implications for Law and Policy, Alexandra O. Cohen, et al. Temple Law Review 786-788 Vol. 88 (2016)(Find that "relative to adults over twenty-one, young adults show diminished cognitive capacity similar to that of adolescents, under brief and prolonged negative emotional arousal ... adolescents show heightened sensitivity to peer influences, rewards and threats, potentially rendering them more vulnerable to making poor decisions in these situations.")

Finally, on top of the immaturity Galloway was experiencing while committing these crimes, he was also dealing with psychiatric

issues. Per the Forensic-Psychiatric Evaluation performed by Dr. Bradley before Galloway's sentencing, Galloway has Mood Disorder, Oppositional Defiant Disorder, Conduct Disorder and Attention-Deficit-Hyperactivity Disorder. Dr. Bradley noted that "these psychological factors were significant contributors to Mr. Galloway's involvement with the offesne conduct." Ex. C @ 8. Dr. Bradley went on to say that with "adequate psychotherapy... Mr. Galloway's psychological problems could be addressed.. with such treatment, I believe Mr. Galloway could function as a productive member of society." Id. @8.

Galloway has taken Dr. Bradley's advice and has participated in several programs to address his cognitive shortcomings including the BOP's Non-Residential Drug Abuse Program and Anger Management. He is currently on the waiting list for other programs to further address his psychological needs.

Galloway's crimes are serious§, but his youth at the time of the commission of the crimes the cognitive impairments he has dealt with since and the steps he has taken to address these issues mitigate the seriousness of the offense. If the Court looks at the person he is now -- a 26 year old man -- it will realize this sentencing factor weighs in favor of a reduction.

### B.) 18 U.S.C. §3553(a)(2)

The second factor courts must address is "the need for the sentence imposed -- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;..." 18 U.S.C. §3553(a)(2).

For Galloway, a reduction to time served -- or 53 months -- would reflect the seriousness of the offense, promote respect for the law and provide a just punishment, especially considering the steps he has taken to rehabilitate himself. He also faces 3 years of supervised release which furthers the mitigating force of this factor.

Supervised release reduces whatever risk he may pose to the public and serves as an additional deterrent to future criminal conduct. See, United States v. Lopez, 487 F. Supp. 3d 1156, 1162 (D.NM 2020)("[The defendant] will also be under the supervision of the United States Probation Office and this Court will retain the ability to place him back in custody in the event he violates any condition of his supervised release."); United States v. Beck F. Supp. 3d at 585(Conditions of Supervised Release "result in substantial oversight."). Further, the continued restrictions on his freedom through supervision contributes to the goal of imposing

sufficient punishemtn. See, Lopez, 487 F. Supp. 3d at 1162

As addressed Galloway has taken advantage of many programs offered by the BOP. He has satisfactory progress in obtaining his GED; in fact he has one more test to pass before he received his GED which he will take in the coming months. This fact couple with his outstanding disciplinary record shows Galloway has effectively rehabilitated himself.

Galloway's behavior in prison and the fact that he will have the "substantial oversight" of the U.S. Probation office for 3 years while he is on supervised release weigh in favor of the reduction requested.

### C.) 18 U.S.C. §3553(a)(3-5)

The next three factors for the court to weigh are "the kinds of sentence available; the kinds of sentence and the sentencing range estabilished...; any pertinent policy statement..." 18 U.S.C. §3553(a)(3-5).

As addressed above Galloway was erroneously classified as a career offender placing him at a category VI criminal history when in fact he should have been a category IV criminal history category. His sentencing range was established at 188 to 235 months when in all actuality it should have been 151 to 188 months. The Court determined Galloway's criminal history overstated his clupability and granted him a 36% downward variance from the low end of his established sentencing range. Had the Court been able to for see the 2d Circuit ruling in Chapelle it would have been able to correctly determine Galloway's sentencing range and would have been able to grant a similar variance that would have resulted in a sentence of 97 months and with the applicable Good Condcut Time and halfway house Galloway would be eligible for release to halfway house in 56 months. A sentence of 56 months is sufficient, but not greater than necessary considering the facts presented here.

The only policy statement issued that address a motion brought under 18 U.S.C. §3582(c)(1)(A) is USSG 1b1.13, however several courts have found that this policy statement does not apply to motions brought by the defendant.

### D.) 18 U.S.C. §3553(a)(6)

The sixth factor the court is charged with considering is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Galloway contends that his 120 month sentence is disparate with similarly situated defendants. In United States v. Ahmed, the defendant received an 87 month sentence after pleading guilty to 1 count of Hobbs Act robbery and 1 count of possession of a firearm in connection with a crime of violence. The court noted that ahmed owned and operated a deli that he used to sale drugs out of. See, United States v. Ahmed, No. 16-cr-826 (ITS) (SDNY 9/14/2020).

In United States v. McIntosh, not only did the defendant

plead guilty to Hobbs Act robbery and Possession and Brandishing a firearm in connection with a crime of violence, but he also plead guilty to 1 count of Drug Trafficking. See United States v. McIntosh, 12 cr. 72(ER) (SDNY 2/16/14). Mr. McIntosh received an 150 mOnth sentence for his conduct, a mere 30 months more than Galloway -- who had less charges.

Finally, in United States v. Palmer, the defendant plead guilty to 1 ct. of Hobbs Act robbery and 1 count of carrying and possessing a firearm during and in relation to a crime of violence. See, United States v. Palmer, 1:20-cr-379-MKV. Palmer received a 96 month sentence, which is one month less than the one Galloway is requesting now.

Because of the disparities created when Galloway received his sentence the sixth factor calls for a reduction in sentence.

### E.) 18 U.S.C. §3553(a)(7)

The final factor the court needs to consider is "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(7).

At sentencing Galloway only recieved the mandatory special assessment of $200. As of the date of this motion Galloway has fulfilled his financial responsibilities. The seventh factor weighs in favor of the reduction requested.

### Conclusion

Galloway prays that the Court will look at the totality of his extraordinary and compelling circumstances -- including his erroneous classification as a career offender and his record of rehabilitation -- and grant him the reduction requested.

Respectfully Submitted,

*Ke'Sean Galloway*

Kesean Galloway
Reg. No.78541-054
FCI Otisville
PO Box 1000
Otisville, NY 10963

---

Application for Compassionate Release, pursuant to 18 U.S.C. Section 3582, is denied. First, Mr. Galloway has not established that there are "extraordinary and compelling reasons" for early release. See 18 U.S.C. Section 3582(c)(1)(A)(i). For example, there is no reason for early release based on the claim that Mr. Galloway is not a career offender, as he was convicted of carjacking, in violation of 18 U.S.C. Section 2119. In any event, the Court made clear that it did not think the career offender enhancement was appropriate, as a matter of discretion, in this case. Similarly unpersuasive is the claim of rehabilitation, as there is nothing extraordinary about Mr. Galloway's efforts at rehabilitation, as admirable as they are. Mr. Galloway's youth and mental health claims are not extraordinary or compelling and, in any event, were taken into consideration at the time of sentence. As for Mr. Galloway's claims of physical health challenges, including his asthma, there is nothing compelling about them to justify early release. Finally, there is no merit to the claim of unwarranted disparities in Mr. Galloway's sentence. Indeed, the Court carefully considered this factor at the time of sentencing. Second, consideration of the Section 3553(a) factors justifies denial of this applications. Mr. Galloway's criminal conduct was violent and serious. Thus, early release at this time would undermine respect for the law and general deterrence.

11/1/2023